UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBBIE D. OWENS,

                             Petitioner,

                    v.                                          9:11-CV-0806
                                                                (TJM)
JOHN LEMPKE,

                             Respondent.

---

APPEARANCES:                           OF COUNSEL:

ROBBIE D. OWENS
07-B-1377
Petitioner, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN             PAUL M. TARR, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

THOMAS J. McAVOY
Senior United States District Judge

### DECISION AND ORDER

### I.    INTRODUCTION

Petitioner Robbie D. Owens seeks a stay of this habeas corpus proceeding brought

pursuant to 28 U.S.C. § 2254.  *See* Dkt. No. 27, Motion to Stay.  Respondent objects.  *See*

Dkt. No. 28, Respondent's Opposition ("Resp't Opp.").  For the reasons that follow,

petitioner's motion is denied.

## II.      BACKGROUND

On March 23, 2007, following a jury trial in Onondaga County Court, petitioner was

convicted of first degree rape, promoting prostitution, compelling prostitution, and

endangering the welfare of a child.  *See* Dkt. No. 8, Amended Petition ("Am. Pet.") at 2.  On

direct appeal, the Appellate Division, Fourth Department, affirmed petitioner's conviction, and

the New York State Court of Appeals denied leave to appeal on May 12, 2010.  *See People*

*v. Owens*, 70 A.D.3d 1469 (4th Dep't 2010), *lv. denied* 14 N.Y.3d 890 (2010).

Petitioner then brought this action seeking a writ of habeas corpus.  *See* Dkt. No. 1,

Petition.  Petitioner's initial pleading failed to comply with Rule 8 of the Federal Rules of Civil

Procedure, and the Court, sua sponte, directed petitioner to file an amended petition.  *See*

Dkt. No. 6, Decision and Order.  On August 16, 2011, petitioner filed an amended petition in

accordance with the Court's order.  *See* Am. Pet.

On April 19, 2012, petitioner filed the instant motion requesting a stay so he may

pursue a motion in state court under N.Y. Crim. Proc. Law § 440.10.  *See* Dkt. No. 27,

Motion to Stay.  Petitioner, however, fails to describe the basis of any such state court

motion, other than to say that it relates to a March 2012 United States Supreme Court ruling.

*Id.*  Respondent opposes, arguing that petitioner has failed to show good cause and that his

unexhausted claims are not plainly meritless.  Resp't Opp. at 2.

## III.      DISCUSSION

A district court may stay a habeas petition and hold it in abeyance to allow the

petitioner to exhaust his unexhausted claims in state court "only in limited circumstances."

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Specifically, a court may stay a petition if the

petitioner can show "good cause for [his] failure to exhaust his [as-yet-unexhausted] claims," and that those claims are not "plainly meritless." *Id*. at 277.  Additionally, before imposing a stay, the Court must be satisfied that petitioner has not been engaging in "intentionally dilatory litigation tactics." *Id.* at 277-78.

Petitioner's motion contains insufficient information for the Court to grant a stay. While petitioner states that he intends to file a state court motion, he fails to identify the basis or purpose of such a motion. *See* Dkt. No. 27, Motion to Stay at 1-2; *Murray v. Perlman*, 9:07-CV-1010 (FJS/RFT), 2008 WL 4660379, at *1 (N.D.N.Y. Oct. 21, 2008) (denying petitioner's request for a stay where it was unclear whether he intended to exhaust a claim in state court during the proposed stay period).  Moreover, petitioner makes no attempt to establish "good cause."  *See Antoine v. Martuscello*, 1:11-CV-88, 2012 WL 5289535, at *2 (E.D.N.Y. Oct. 22, 2012) (noting that the lack of good cause is dispositive and there is no need to determine the merits of petitioner's unexhausted claim or whether petitioner engaged in intentionally dilatory litigation tactics when petitioner has failed to show good cause).  In any event, because petitioner fails to identify the claim he wishes to exhaust in state court, the Court cannot determine whether it is plainly meritless.  *See* Dkt. No. 27, Motion to Stay at 1-2.

To the extent petitioner is seeking a stay to exhaust a new claim that is not asserted in his amended petition, his motion is premature.  *See Bethea v. Walsh*, 1:09-CV-5037, 2010 WL 2265207, at *1 (E.D.N.Y. June 2, 2010) (finding premature petitioner's motion to stay pending the filing of a Section 440.10 motion where petitioner had not raised the anticipated claims in his habeas petition); *see also Spells v. Lee*, 1:11-CV-1680, 2011 WL 2532907, at

3

*1 (E.D.N.Y. June 23, 2011).  In such a case, petitioner should first move to amend before seeking an abeyance of this action.  *Id.*  Notably, however, any new claim is likely time barred.  *See* Am. Pet. at 3 (indicating that the statute of limitations concluded as to petitioner's claims in August 2011).  As the Supreme Court has held, "although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" with respect to other claims not asserted in the petition.  *Rhines*, 544 U.S. at 274-75 (quoting *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)).

For these reasons, petitioner's motion to stay is denied.

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay, Dkt. No. 27, is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on the parties in accordance with the Local Rules; and it is further

**ORDERED** that no certificate of appealability shall be issued in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED**

Dated:January 28, 2013

---

[1]  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'" (citation omitted)).

Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge